# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                            )
          v.                )          ID No.     2102010851
                            )
DYSHEE PIERRE,              )
                            )
          Defendant.        )

## ORDER

1.  On this 3rd day of January, 2024, upon consideration of Defendant Dyshee Pierre's ("Defendant") *pro se* Motion for Sentence Modification made pursuant to Superior Court Criminal Rule 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.  On March 7, 2022, Defendant pled guilty to Burglary in the Second Degree, Stalking, Assault in the Third-Degree, and Non-Compliance with Bond Conditions.

3.  On September 22, 2022, the Court sentenced him to: (1) Burglary, eight years of Level V supervision, suspended after two years for six months of Level IV supervision, followed by two years of Level III GPS-monitored supervision; (2) Stalking, three years of Level V supervision, suspended after six months for two years of Level III supervision; (3) Assault, seven months of Level V supervision,

---

[1] D.I. 19. Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks the Court to modify the conditions of his probation.

followed by six months of Level III supervision; and (4) Non-Compliance, five years of Level V supervision, followed by one year of Level III supervision.[2]

4.  On October 10, 2023, Defendant's instant Motion was referred to this Court.[3]  In the Motion, Defendant asks this Court to remove the GPS monitoring condition from the Level III supervision portion of his sentence.  Defendant states that this condition prevents him from transferring his probation to Clementon, New Jersey, where he wishes to reside.[4]

5.  Rule 35(b) authorizes this Court to "reduce the . . . conditions of partial confinement or probation, at any time."  A motion to modify the terms of partial confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[5]

6.  Defendant has not presented legitimate grounds for this Court to remove the GPS monitoring condition from his sentence.[6]  In 2020, the Court denied a similar request in similar circumstances.[7]  Further, on September 6, 2023, the Court imposed a GPS monitoring condition on Defendant's sentence in a separate case, ID

---

[2] D.I. 18.

[3] D.I. 19.  The Motion is undated.

[4] *Id.*

[5] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Baily*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

[6] In Delaware, the Delaware Department of Correction oversees probation and parole procedures, including probationers' applications for out-of-state transfers made pursuant to the Interstate Compact for Adult Offender Supervision.  *See State v. Williams*, 2013 WL 6913265, at *1 (Del. Super. Dec. 31, 2013).

[7] *State v. Edmunds*, 2020 WL 4208463 (Del. Super. July 22, 2020).

2

No. 2011013634, so Defendant would still be subject to GPS monitoring if the Court granted the Motion.

7. After reviewing the Motion, sentence, and record in this case, the Court finds that Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. Accordingly, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:     Dyshee Pierre (SBI #00486375)